EBENEZER HUTCHINSON *vs.* GEORGE B. MOODY & *al.*

Where the presumption, that a blank indorsement of a note, was made on the day of its date, has been rebutted by proof, that it remained the property of the payee until after it became payable, the acts of ownership and declarations of the payee are admissible, in an action by an indorser, until evidence of a transfer to or possession by him has been introduced by the plaintiff.

After a written agreement by the payee with the principal to delay the payment of a note, has been proved by the sureties, a note of the same date, given by the principal to the payee, is admissible in evidence to show a consideration for the agreement for delay.

A verdict will not be set aside, because evidence was permitted to be introduced at the trial, to prove as fact, what the law would presume.

A collateral agreement for a sufficient consideration, made by the holder of a note with the principal, giving day of payment, operates as a discharge of the sureties.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Assumpsit by the plaintiff, as indorsee of a note, dated *April* 3, 1835, for $1060, payable in one year with interest, to *John Ware*, or order, and signed by *Moody*, as principal, and by the other two defendants, *French* and *Roberts*, as sureties. The principal was defaulted, and the sureties defended the action. Evidence was introduced tending to show, that on *May* 24, 1836, a writ was sued out against the defendants, in favor of *Ware*, by the plaintiff in the present action as the attorney of *Ware*, and was put into the hands of an officer for service, but the service was not made. The defendants offered in evidence an agreement signed by *Ware*, of which a copy follows. " *Oct.* 3, 1836. For a valuable consideration, I agree, that the note signed by *George B. Moody*, *Ebenezer French* and *Amos M. Roberts* to me, dated *April* 3, 1835, for one thousand and sixty dollars, payable in one year from that date, shall remain six months from this date, and that the time of payment shall be extended till *April* 3, 1837. *John Ware.*" Also, another agreement on the same paper below the other of the following tenor. " *April* 3, 1837. I agree with *Mr. Moody* to extend the time of payment of said note four months more. *John Ware.*" The plaintiff objected to the admission of these agreements. The Judge ruled, that if said note

was not negotiated until said 24th of *May* — unless the plaintiff should prove that said note was negotiated by the said third of *October* and third of *April* — the said agreements of the two last mentioned dates were admissible in evidence; and the plaintiff not offering any evidence except the note and the indorsement thereof, the agreements were admitted. One of the answers of the deponent in the deposition of *E. L. Le Breton*, introduced by the defendants, to a question proposed by them, inquiring, whether *Moody* had not in *April*, 1836, a large sum of money appropriated to the payment of this note, was this. " In the early part of the year 1836, *Mr. Moody* had in his hands a large sum of money, the amount of the money I do not now recollect, but I have no doubt that it was more than sufficient to pay this note." The plaintiff objected to the admission of this part of the deposition, but the objection was overruled. The deposition of *W. H. Mills* was introduced by the defendants, giving a conversation between *Ware* and *Roberts*, tending to show, that the note was in the hands of *Ware* long after it was due, and that *Roberts* and *French* had supposed that the note had been paid when it fell due. This was objected to, but admitted. The defendants also offered in evidence a note dated *April* 3, 1837, for $269,44, signed by *Moody* and payable to *Ware* in four months with interest. The admission of this was opposed, but it was received.

. *Roberts* and *French* contended, that the time of payment had been extended by *Ware* for his own benefit without their assent, and that they were thereby discharged.

The Judge instructed the jury, that the agreement of the third of *October* on its face and in its terms implied that it was made by all the defendants, and if so, it would be no defence to the action, and that there was no evidence to show otherwise than the deposition of *Mills*, and that the jury were at liberty to infer from that deposition, that the agreement of *October* 3d, was made with said *Moody* alone without the knowledge of *French* or *Roberts*; and that if they should find that the agreement of *October* 3d, was made with said *Moody* without the knowledge or consent of the sureties, their verdict would be for *French* and *Roberts*. The Judge further instructed the jury, that said agreement of *April* 3d, would have no effect without a consideration; but if they found

there was a consideration for it, it would defeat this action, and their verdict would be for *French* and *Roberts*.

The plaintiff requested the Judge to instruct the jury, that if they found no change of circumstances on the part of *Moody* between the maturity of the note and the 3d of *Oct.* and 3d of *April*, those agreements would not defeat the action. The Judge declined to give such instruction. The jury returned a verdict for *French* and *Roberts*, and being inquired of by the Judge, whether they found there was any consideration for the agreement of *April* 3d, they answered, that no consideration was given by the jury to the agreement of *April* third.

The plaintiff filed exceptions.

*Wells* and *Hutchinson* argued for the plaintiff in support of the positions taken at the trial. They also said that the jury had thrown the agreement of *April* 3d out of the case, and the defence rested wholly on the paper of *Oct.* 3d. That paper is a mere collateral agreement not to bring a suit on the note for a stipulated time. This does not prevent the maintenance of a suit upon the note. The only remedy would be by an action on the agreement. No collateral agreement can operate as a bar to a suit on the note against either principal or surety, and therefore cannot discharge either. They cited on this point the following authorities, and commented upon several of them. *Walker v. McCullock,* 4 *Greenl.* 421 ; *Perkins v. Gilman,* 8 *Pick.* 229 ; *Dow v. Tuttle,* 4 *Mass. R.* 414 ; *Central Bank v. Willard,* 17 *Pick.* 150 ; *Hunt v. Bridgham,* 2 *Pick.* 581 ; *Oxford Bank v. Lewis,* 8 *Pick.* 458 ; *Blackstone Bank v. Hill,* 10 *Pick.* 129 ; 3 *Mason,* 446 ; 2 *Johns. Ch. R.* 554 ; 12 *Wheat.* 554 ; *Page v. Webster,* 15 *Maine Rep.* 249 ; 6 *Peters,* 250.

*Tenney* argued in opposition to the various grounds for setting aside the verdict urged for the plaintiff. To show that the declarations of the indorser of a dishonored note were admissible, he cited *Shirley v. Todd,* 9 *Greenl.* 83 ; *Peabody v. Peters,* 5 *Pick.* 1 ; *Sargent v. Southgate, ib.* 312.

To show that an agreement with the principal for a sufficient consideration to give him time of payment, discharges the sureties, whether such agreement be, or be not, a bar to an action on the note, he cited *Gibson* v. *Gibson,* 15 *Mass. R.* 106 ; 10 *Johns.*

*R.* 587; 17 *Johns. R.* 384; 9 *Cowen,* 194; 16 *Johns. R.* 70; 1 *Gall.* 32; 3 *Mason,* 446; 5 *Wheat.* 554; *Bayley on Bills,* 121, 223; *Chitty on Bills,* 441; *Kennebec Bank* v. *Tuckerman,* 5 *Greenl.* 130; *Bank of United States* v. *Hatch,* 6 *Peters,* 250; *Page* v. *Webster,* 3 *Shepl.* 249; *Leavitt* v. *Savage,* .4 *Shepl.* 72.

The opinion of the Court was drawn up by

SHEPLEY J.— The presumption of law, that the indorsement was made on the day of the date of the note, was rebutted by proof, that it remained the property of the payee after it became payable. His acts of ownership would be the best evidence of a continued property in it, until some further evidence of a transfer or of a possession by the plaintiff was offered. And the agreements and declarations of the payee respecting it were therefore properly admitted.

The note for $269,44, appearing upon inspection to bear date on the 3d of *April,* 1837, when one of the agreements for delay of payment was made, was properly admitted as tending to prove a valuable consideration for it. That part of the deposition of *Le Breton* objected to had a tendency to prove, that the principal could have paid the note at maturity, and that delay was injurious to the sureties. Such evidence was not however necessary, for the law presumes an injury from a change of the contract and a prolongation of the risk assumed.

The deposition of *Mills* was properly submitted to the jury to infer, if they thought proper to do so, that the contract of the 3d of *October,* 1836, was not made with the assent of the sureties; for the conversation between one of them and the payee was apparently inconsistent with such a state of facts.

One of the points decided in *Leavitt* v. *Savage,* 16 *Maine R.* 72, was, that a collateral agreement with the principal, giving day of payment, would, for the reasons there stated, operate as a discharge of the sureties.

*Exceptions overruled.*